UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| OTOC GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-25-996-R |
| | ) |
| DONNIE ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff's Motion to Stay Proceedings Pending Determination of Plaintiff's Motion to Remand [Doc. No. 6], to which Defendants responded in opposition [Doc. No. 8].

After removing this case on the basis of federal question jurisdiction, Defendants Anderson, Bryant and Ledbetter filed a motion to dismiss [Doc. No. 4] that raises ten propositions in support. Plaintiff requests that the briefing deadlines for the motion to dismiss be stayed until the Court has ruled on Plaintiff's pending Motion to Remand [Doc. No. 5]. Defendants object to the stay, arguing that Plaintiff has not shown a likelihood of success as to the remand and that completing the briefing on the motion to dismiss will not cause any harm to Plaintiff.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In

1

exercising its discretion, a court "must weigh competing interests and maintain an even balance."

Plaintiff has not explained how it would suffer any irreparable harm by having to respond to Defendants' motion to dismiss and the Court recognizes that there is always a strong interest in the prompt resolution of civil cases. Nevertheless, the issue of subject matter jurisdiction "is a threshold question" that a "court must resolve before addressing the merits of the matter before it." *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1201 (10th Cir. 2002). For that reason, the Tenth Circuit has recognized that "a remand order takes precedence and district court should not take action on pending motions before or after remand." *In re C & M Props., L.L.C.*, 563 F.3d 1156, 1162 (10th Cir. 2009) (quotation marks and citation omitted). Under these circumstances, staying the deadlines for the motion to dismiss is the more efficient and appropriate way to proceed.

Accordingly, Plaintiff's Motion to Stay Proceedings Pending Determination of Plaintiff's Motion to Remand [Doc. No. 6] is GRANTED. The deadline for Plaintiff to respond to Defendants' Motion to Dismiss is STAYED until the Court rules on Plaintiff's motion to remand.

IT IS SO ORDERED this 24th day of September, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE